

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**December 16, 2019 13:57**

By: STUART TORCH 0079667

Confirmation Nbr. 1894650

| | |
|---|---|
| JOHN DONOHOE, ET AL. | CV 19 926637 |
| vs. | |
| CITY OF CLEVELAND, OHIO | Judge: DEENA R. CALABRESE |

Pages Filed: 13



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **John Donohoe**<br>874 Beechers Brook<br>Mayfield Village, Ohio 44143 | ) )<br>) )<br>) CASE NO.<br>) ) |
| and | ) )<br>) JUDGE |
| **Garret Bajzer**<br>23649 Shelburne Rd.<br>Shaker Hts., Ohio 44122 | ) )<br>) )<br>) ) |
| and | ) ) |
| **Michael Borden**<br>17511 Chatfield Ave.<br>Cleveland, Ohio 44111 | ) ) **COMPLAINT**<br>) )<br>) ) |
| and | ) **Jury Demand Endorsed**<br>) ) |
| **Christopher Capron**<br>16005 Alden Ave.<br>Cleveland, Ohio 44111 | ) )<br>) )<br>) ) |
| and | ) ) |
| **John Denk**<br>11608 W. 130th St.<br>Strongsville, Ohio 44136 | ) )<br>) )<br>) ) |
| and | ) ) |
| **Thomas English**<br>15003 Fernway Ave.<br>Cleveland, Ohio 44111 | ) )<br>) )<br>) ) |
| and | ) ) |
| **Guy Estergall**<br>17218 Dartmouth Ave.<br>Cleveland, Ohio 44111 | ) )<br>) )<br>) ) |
| and | ) ) |

**Umberto Ferra**  )
3373 Red Clover Ln.  )
Brunswick, Ohio 44212  )
 )
and  )
 )
**Patrick Hayes**  )
16301 Westdale Ave.  )
Cleveland, Ohio 44135  )
 )
and  )
 )
**Jeffrey Homan, Jr.**  )
216 North Harmony St.  )
Medina, Ohio 44256  )
 )
and  )
 )
**Stephen Hutchinson**  )
4259 Idlebrook Dr.  )
Bath Township, Ohio 44333  )
 )
and  )
 )
**Ronald Jenkins**  )
6005 Brookside Dr.  )
Cleveland, Ohio 44144  )
 )
and  )
 )
**Paul Kasparek**  )
20830 Parkcliff Dr.  )
Fairview Park, Ohio 44126  )
 )
and  )
 )
**Darrin Kebbel**  )
1279 East Darmoor Ave.  )
Seven Hills, Ohio 44131  )
 )
and  )
 )
**Tom Lugo**  )
2575 Twelve Oaks Cir.  )
Medina, Ohio 44256  )

2

and )
)
**Nicholas Pastirik** )
2232 Chesterland Ave. )
Lakewood, Ohio 44107 )
)
and )
)
**Robert Schoeniger** )
4158 W. 59th St. )
Cleveland, Ohio 44144 )
)
and )
)
**Darren Schultz** )
27244 Watkin Rd. )
Olmsted Township, Ohio 44138 )
)
and )
)
**John See** )
12918 Old State Rd. )
Huntsburg, Ohio 44046 )
)
and )
)
**David Telban** )
3873 Silsby Rd. )
Cleveland, Ohio 44111 )
)
and )
)
**Jeffrey Vollmer** )
3307 West 157th St. )
Cleveland, Ohio 44111 )
)
and )
)
**John Woidke** )
3166 West 159th St. )
Cleveland, Ohio 44111 )
)
and )
)
)

Electronically Filed 12/16/2019 13:57 / / CV 19 926637 / Confirmation Nbr. 1894650 / CLJSZ

| | |
|---|---|
| **Scott Zele**<br>9900 Juniper Ct.<br>Mentor, Ohio 44060<br><br>and<br><br>**Jerome Zimmerer**<br>10895 Forest Oaks Dr.<br>Chardon, Ohio 44024<br><br>     *Plaintiffs,*<br> v.<br><br>**City of Cleveland, Ohio**<br>601 Lakeside Ave., Room 106<br>Cleveland, Ohio 44114<br><br>     *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs, for their Complaint against Defendant City of Cleveland, state as follows:

**NATURE OF THE CLAIMS, JURISDICTION, AND CONDITIONS PRECEDENT**

1. Plaintiffs are current firefighters, employed by the City of Cleveland, in its Division of Fire.

2. Plaintiffs bring this suit alleging both disparate impact discrimination and disparate treatment discrimination on the basis of race, relating to and arising out of the City's 2017 promotional examination process and the subsequent selection process for the position of Fire Captain.

3. Plaintiffs' claims arise under both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Ohio Revised Code Chapter 4112.

4. This Court has subject matter jurisdiction over all claims alleged.

5. On or about October 17, 2018, Plaintiffs Christopher Capron, John Donohoe, Tom Lugo, Robert Schoeniger, and John See filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), on behalf of themselves and "all others similarly situated."

6. On September 17, 2019, the EEOC issued "right to sue" notices to Capron, Donohoe, Lugo, Schoeniger, and See on their charges.

7. Capron, Donohoe, Lugo, Schoeniger, and See received their "right to sue" notices on or about September 20, 2019.

8. Capron, Donohoe, Lugo, Schoeniger, and See, along with similarly situated Plaintiffs, have filed this lawsuit within 90 days of their receipt of EEOC's "right to sue" notices.

9. Pursuant to the "piggybacking" or "single-filing" rule, all Plaintiffs, whether they did or did not file EEOC charges, may "piggyback" onto the timely-filed charge and notice of right to sue of a similarly situated named Plaintiff.[1]

10. Plaintiffs have complied with all conditions precedent to filing this lawsuit.

## PARTIES AND VENUE

11. Plaintiffs Garret Bajzer, Michael Borden, Christopher Capron, John Denk, John Donohoe, Thomas English, Guy Estergall, Umberto Ferra, Patrick Hayes, Jeffrey Homan, Jr., Stephen Hutchinson, Ronald Jenkins, Paul Kasparek, Darrin Kebbel, Tom Lugo, Nicholas Pastirik, Robert Schoeniger, Darren Schultz, John See, David Telban, Jeffrey Vollmer, John Woidke, Scott Zele, and Jerome Zimmerer are all Fire Lieutenants of Caucasian race who work for Cleveland's Division of Fire, in Cuyahoga County, Ohio. Plaintiffs Lugo and See are also of Hispanic national origin. At all relevant times, the plaintiffs referenced in this paragraph were "employees" of the City of Cleveland, as that term is defined in both 42 U.S.C. § 2000e(f) and Ohio Rev. Code § 4112.01(A)(3).

---

[1] *See, e.g., Howlett v. Holiday Inns*, 49 F.3d 189, 195 (6th Cir. 1995).

12. Defendant City of Cleveland ("the City") is a political subdivision of the State of Ohio, and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), and Ohio Rev. Code § 4112.01(A)(2).

13. All actions giving rise to the allegations in this Complaint took place in Cuyahoga County, making this Court an appropriate venue for this action.

## STATEMENT OF THE FACTS

14. Plaintiffs are current Lieutenants in the City's Division of Fire.

15. In 2017, the City administered a promotional examination for the rank of Captain in the Division of Fire (the "Exam").

16. The multipart Exam was developed, administered, and scored by a testing company called E.B. Jacobs.

17. The Exam consisted of a written examination and an oral examination; the oral examination purported to test how the applicants would react in particular situations.

18. There were many irregularities and deficiencies in the Exam, relating to its development, content, administration, and scoring.

19. The Exam was not content-valid, meaning it was not entirely representative of or correlated to the knowledge, skills, and abilities necessary to perform the duties of the job of a Captain in the City's Fire Division.

20. Each Plaintiff completed all portions of the Exam.

21. Upon information and belief, 66 individuals completed all portions of the Exam.

22. Based upon information and belief, of the 66 individuals who completed all portions of the Exam, 14 are African American, 49 are Caucasian, and 3 are unknown.

23. On February 2, 2018, the City established a ranked list of candidates who were eligible for promotion to Captain (the "List").

24. The List contains the names of 52 individuals whom the City deemed to have passed the Exam and who were therefore eligible for promotion before the List expires on February 2, 2020.

25. Following the City's certification of the List, the City began promoting from the List to the rank of Fire Captain.

26. The City has promoted, and continues to promote, based upon the ranked order contained in the List.

27. Based upon information known to date, the Plaintiffs contend that, by the time the List expires, about 22 Lieutenants will have been promoted to Captain (the "Selected Group").

28. Based upon information and belief, the Selected Group is comprised of 13 Caucasians, 8 African Americans, and 1 unknown.

29. Out of all African-American candidates who completed all portions of the Exam, 57.14% were promoted to Fire Captain.

30. By contrast, out of all Caucasian candidates who completed all portions of the Exam, only 26.53% were promoted to Fire Captain.

31. Based upon the foregoing information, Caucasian candidates were promoted at a selection rate of only 46.43%, when compared to selection rate for African Americans.

32. Because the selection rate for Caucasians is far less than 80%, the City's promotional process to Fire Captain violates the Four Fifths Rule as provided in the Uniform Guidelines on

Employee Selection Procedures (UGES) adopted by the federal government in 1978,[2] as shown in the following chart:

| SELECTIONS TO DATE (out of 66 who completed test) | | | | | |
|---|---|---|---|---|---|
| RACE | POOL | PROMOTED | PROMOTE RATE | 4/5ths Rule Test: | ADVERSE IMPACT? |
| Caucasians | 49 | 13 | 26.53% | 46.43% | YES |
| African-Americans | 14 | 8 | 57.14% | | |
| Other | 3 | 1 | 33.33% | | |
| TOTAL | 66 | 22 | | | |

33.  The Fire Captain promotion results, on their face, have statistical significance in favor of African-American candidates.

34.  The City's Exam has had, and will continue to have through the date of the expiration of the List, a disparate discriminatory impact on Caucasian Fire Lieutenants who completed the Exam, including Plaintiffs.

35.  Based on information and belief, prior to the City's developing and administering the Exam, City officials publicly and privately expressed a desire to increase the number of African Americans throughout the Fire Division ranks, including in the officer ranks, such as Captain, for example:

   a. In 2014, Safety Director Michael McGrath told a local news outlet that the City is stepping up recruitment efforts to attract more minorities to the fire department;

   b. In 2015, City Councilman Jeff Johnson described how it was a "travesty of the Fire Division" that only 12% of the employees were African American, and only one of 74 Fire Captains was African American at that time; and

---

[2] The Fourth Fifths rule states that "a selection rate for any race, sex, or ethnic group which is less than four-fifths (4/5ths) or eighty percent (80%) of the rate of the group with the highest selection rate" will generally be regarded as having an adverse impact on the group with the lower selection rate. *See* https://www.eeoc.gov/policy/docs/qanda_clarify_procedures.html

    c. Councilman Johnson described it as "unacceptable for the Fire Division of Cleveland to have this racial disparity," going on to say that "how we select firefighters…it has a racial impact…it is racially disparate…"

36. Upon information and belief, the City developed and/or administered the Exam in a manner that would achieve its stated goals of promoting more African Americans, to the detriment of candidates of other races and national origins, including Plaintiffs.

37. As a direct and proximate result of the City's discriminatory conduct as described above, Plaintiffs have suffered, and will continue to suffer, economic and emotional harm, as well as harm to their careers.

### FIRST CLAIM FOR RELIEF
### (Title VII: Race Discrimination – Disparate Impact)

38. Plaintiffs hereby incorporate all preceding paragraphs as if fully restated herein.

39. Title VII prohibits employment practices that cause a disparate impact on employees or applicants on the basis of, *inter alia*, race. *See* 42 U.S.C. § 2000e-2(k).

40. As described above, the City's Fire Captain Exam and related promotional process had an unlawful discriminatory impact on Plaintiffs on the basis of their race, in violation of Title VII.

41. Plaintiffs have suffered, and will continue to suffer harm as a direct and proximate result of the City's discriminatory actions.

### SECOND CLAIM FOR RELIEF
### (Ohio Rev. Code §§ 4112.02 and 4112.99: Race Discrimination – Adverse Impact)

42. Plaintiffs hereby incorporate all preceding paragraphs as if fully restated herein.

43. Ohio Rev. Code § 4112.02(A) prohibits employers from engaging in unlawful discriminatory practices that discriminate against employees on the basis of race.

44. Unlawful discriminatory practices under R.C. 4112.02(A) include policies or practices which have a disproportionate impact on a protected class, unless such policies or practices can be justified by business necessity. *See* Ohio Adm. Code § 4112-5-02(B).

45. As described above, the City's Fire Captain Exam and related promotional process had an unlawful discriminatory and adverse impact on Plaintiffs on the basis of their race, in violation of Chapter 4112 of the Ohio Revised Code.

46. Plaintiffs have suffered, and will continue to suffer, harm as a direct and proximate result of the City's discriminatory actions.

## THIRD CLAIM FOR RELIEF
### (Title VII: Race and National Origin Discrimination – Disparate Treatment)

47. Plaintiffs hereby incorporate all preceding paragraphs as if fully restated herein.

48. By purposefully creating an Exam and engaging in a promotional process designed to serve the City's stated goals of ensuring that more African Americans were promoted in the officer ranks of the Fire Division, the City subjected all Plaintiffs to disparate treatment, based on their race, Caucasian, via its Fire Captain Exam and related promotional process.

49. By purposefully creating an Exam and engaging in a promotional process designed to serve the City's stated goals of ensuring that more African Americans were promoted in the officer ranks of the Fire Division, the City subjected Plaintiffs Lugo and See to disparate treatment based on their national origin, Hispanic, via its Fire Captain Exam and related promotional process.

50. As a direct and proximate result of the City's unlawful discrimination, as set forth above, Plaintiffs have suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, pension benefit accruals, and other benefits to which they would be entitled. Some or all of Plaintiffs' damages will continue indefinitely into the future.

## FOURTH CLAIM FOR RELIEF
### (Ohio Rev. Code §§ 4112.02 and 4112.99: Race and National Origin Discrimination – Disparate Treatment)

51.  Plaintiffs hereby incorporate all preceding paragraphs as if fully restated herein.

52.  By purposefully creating an Exam and engaging in a promotional process designed to serve the City's stated goals of ensuring that more African Americans were promoted in the officer ranks of the Fire Division, the City subjected all Plaintiffs to disparate treatment, based on their race, Caucasian, via its Fire Captain Exam and related promotional process.

53.  By purposefully creating an Exam and engaging in a promotional process designed to serve the City's stated goals of ensuring that more African Americans were promoted in the officer ranks of the Fire Division, the City subjected Plaintiffs Lugo and See to disparate treatment based on their national origin, Hispanic, via its Fire Captain Exam and related promotional process.

54.  As a direct and proximate result of the City's unlawful discrimination, as set forth above, Plaintiffs have suffered, and will continue to suffer, emotional distress, lost wages, including back pay, front pay, pension benefit accruals, and other benefits to which they would be entitled. Some or all of Plaintiffs' damages will continue indefinitely into the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court issue to them the following relief:

A. Judgment in favor of Plaintiffs on all claims asserted;

B. A declaratory judgment that the City's 2017 promotional examination for the rank of Fire Captain had an adverse discriminatory impact on Caucasians because of their race;

C. A declaratory judgment that the City's 2017 promotional examination for the rank of Fire Captain was neither content-valid, nor job-related;

D. Entry of an injunction against the City prohibiting the administration of any future discriminatory promotional examinations, and the appointment of a Special Master to oversee the City's administration of future non-discriminatory promotional examinations;

E. An award of back pay, overtime, benefits, and other appropriate equitable relief, including, but not limited to promotions;

F. An award of full compensatory damages, including, but not limited to, damages for pain and suffering, emotional anguish, and distress;

G. An award of attorney fees, costs, and interest (pre- and post-judgment); and

H. Such other relief in law or equity to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Stuart G. Torch
Stuart G. Torch (0079667)
stuart@ekrtlaw.com
Christina M. Royer (0073695)
chris@ekrtlaw.com
ELFVIN, KLINGSHIRN, ROYER & TORCH, LLC
4700 Rockside Rd., Suite 530
Independence, Ohio 44131
216.382.2500 (voice)
216.381.0250 (facsimile)

/s/ Shawn A. Romer
Shawn A. Romer (0084251)
sromer@romerlawfirm.com
ROMER LAW FIRM, LLC
2012 W. 25th St., Suite 716
Cleveland, Ohio 44113
216.644.3722 (voice)
216.803.6674 (facsimile)

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims that may be so tried.

*/s/ Stuart G. Torch*
One of the attorneys for Plaintiffs